# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **NOTHUM MANUFACTURING COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 6:15-cv-03527-MDH |
| ) | |
| **MAREL MEAT PROCESSING INC. and** ) | |
| **MAREL INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Compel Arbitration (Doc. 4). Defendants argue that all of Plaintiff's claims are covered by an arbitration provision included within the parties' various written agreements, and Defendants ask the Court to compel arbitration and dismiss the lawsuit pursuant to 9 U.S.C. §§ 3, 4. Plaintiff "agrees at this time to initially submit the matters at issue in this lawsuit to arbitration" but Plaintiff argues a stay of the lawsuit, rather than dismissal, is appropriate.

The Court agrees with the parties that all claims in this matter are covered by the parties' arbitration provision.[1] Accordingly, the Court finds it appropriate to compel arbitration pursuant to 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court

---

[1] The arbitration provision states:

> Any dispute, controversy or claim arising out or in connection with the present Memorandum of Understanding or any legal relationship arising there from, including any disputes regarding the existence, validity or termination, shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules. Seat of arbitration and place of the hearings shall be Des Moines, Iowa, USA.

*See* Doc. 5, Ex. A-C. In this lawsuit, Plaintiff brings claims for: (I) declaratory judgment regarding breach of the agreements and the parties' respective rights and obligations under the agreements; (II) breach of contract; (III) negligent misrepresentation regarding Defendants' intentions when entering into the agreements; (IV) fraudulent misrepresentation/inducement; (V) breach of fiduciary duties owed "pursuant to the 2011 and 2012 agreements."

. . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

As to the pending litigation, the Court finds dismissal of the action, rather than a stay, is appropriate. Although "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than dismiss it[,]" there exists a "judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011) (citing 9 U.S.C. § 3). Here, the parties' broad arbitration agreement states that "any dispute, controversy or claim arising out of or in connection with the present Memorandum of Understanding or any legal relationship arising there from, including any disputes regarding the existence, validity or termination, shall be *finally* settled" in arbitration. *See* Doc. 5, Ex. A-C (emphasis added). All claims in this lawsuit clearly arise out of or in connection with the parties' agreements, the parties' legal relationships arising out of those agreements, and/or the existence, validity, or termination of those agreements. Accordingly, the entire controversy between the parties will be resolved in arbitration and dismissal is appropriate. *SPBR Holdings, Inc. v. KWAL-Howells, Inc.*, No. 13-CV-0543-W-FJG, 2013 WL 6795923, at *6 (W.D. Mo. Dec. 23, 2013) (slip op.) (quoting *Rothman Furniture Stores, Inc. v. Everest Software, Inc.*, No. 4:10–CV–848–CDP, 2010 WL 4319707, *2 (E.D.Mo. Oct.22, 2010)) ("where all of the issues raised in the Complaint must be submitted to arbitration in accordance with a valid and enforceable arbitration agreement, most courts agree that dismissal of the cause, rather than imposing a stay, is appropriate.").

Plaintiff's argument that "it is not clear that all contested issues will be resolved by the arbitration" is unavailing. First, Plaintiff argues that "if Nothum is successful in contesting the enforceability of the arbitration provision to one or more of its claims, this Court will maintain jurisdiction over Nothum's claims." While that may be true, Plaintiff's complaint argues only that the agreements themselves were fraudulently induced, not that the arbitration provision was fraudulently induced. Under *Prima Paint*, "an arbitration provision is severable from the remainder of the contract" and "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006); *see also Koch v. Compucredit Corp.*, 543 F.3d 460, 464-65 (8th Cir. 2008). Second, Plaintiff argues equitable relief cannot be awarded by the arbitrator. Plaintiff's assertion is unsupported and contrary to legal precedent that holds arbitrators "enjoy broad equitable powers" and "may grant whatever remedy is necessary to right the wrongs within their jurisdiction." *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 895 F.2d 195, 199 (4th Cir. 1990) *aff'd*, 500 U.S. 20, 32 (1991).

Based on the foregoing, Defendants' motion (Doc. 4) is hereby **GRANTED**. The Court **COMPELS** the parties to arbitrate the claims filed herein in accordance with the terms of the parties' arbitration provision and the Court hereby **DISMISSES** this case. The dismissal of this case shall in no way preclude the parties from later seeking to confirm, vacate, or modify the arbitrator's award pursuant to 9 U.S.C. §§ 9, 10, 11 in the appropriate district court.

**IT IS SO ORDERED.**
Dated: January 22, 2016            */s/ Douglas Harpool*
                                    **DOUGLAS HARPOOL**
                                    **UNITED STATES DISTRICT JUDGE**